Frank JAMES, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–9106–CR–432.

Supreme Court of Indiana.

Oct. 29, 1991.

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In July of 1979, appellant was convicted on three counts: Murder, Murder in the Perpetration of a Robbery, and Murder in the Perpetration of a Kidnapping. He received three concurrent sixty (60) sentences. The murder conviction was affirmed by this Court. *James v. State* (1980), 274 Ind. 304, 411 N.E.2d 618. In that appeal, the trial court was ordered to vacate the convictions for Counts II and III. *Id.* at 305, 411 N.E.2d at 619.

In 1989, appellant filed a petition for post-conviction relief in which he questioned his resentencing. The trial court denied that petition and appellant appealed. The Court of Appeals reversed the trial court and remanded for a new sentencing hearing. On January 9, 1991, the trial court resentenced appellant to a sixty (60) year term on the murder charge.

The trial judge gave as his reasons for enhancement the risk that appellant would commit another crime, the nature and circumstances of the crime committed, the appellant's prior criminal record, and his general character and condition. The trial judge also noted that while incarcerated appellant had received fifty-four bad conduct reports, including ones for the possession of unauthorized drugs. The court found mitigating circumstances to be that appellant was addicted to narcotic drugs prior to the commission of the offense and that he had participated in substance abuse group therapy while incarcerated.

Appellant claims the trial court erred in enhancing his sentence. He cites cases which require the sentencing court to identify the aggravating and mitigating factors. However, the trial court was very specific in reciting appellant's prior criminal record including the fact that he was on federal parole when the instant offense was committed. The record shows the trial court did a thorough job of listing the aggravating and mitigating factors in compliance with Ind.Code § 35–38–1–7.1. We find no error in the manner in which appellant was resentenced.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.